# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROCHA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS and REHABILITATION,<br>　　　　Defendant. | Case No. 1:14-cv-00842-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

Plaintiff Linda Rocha brings suit against her former employer the State of California Department of Corrections and Rehabilitation ("Defendant or CDCR"). Currently pending is Defendant's Motion to Dismiss for untimely service of the complaint. (Doc. 41).[1] On March 14, 2015, Plaintiff filed a late opposition to the motion. (Doc. 47).[2] Defendant filed a reply on March 20, 2015. (Doc. 48). On March 24, 2015, the Court deemed the matter suitable for decision without oral argument and vacated the hearing. (Doc. 49). Having considered the moving, opposition, reply papers, and the entire file, Defendant's Motion to Dismiss is DENIED.

## **BACKGROUND AND PROCEDURAL HISTORY**

On June 4, 2014, Plaintiff filed a complaint against the State of California Department of Corrections and Rehabilitation, Jasinda Mohammed, and David Groves alleging civil rights

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 20, 43). On February 9, 2015, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305. (Doc. 44).

[2] Defendant objects to Plaintiff's opposition filed two hours after the deadline. (Doc. 48). Defendant's objection is overruled and the Court exercises its discretion to consider the late filed opposition.

violations, breach of a collective bargaining agreement, retaliatory termination of employment, and various discrimination and retaliation claims in violation of the California Fair Employment and Housing Act ("FEHA"). Plaintiff's Complaint "Compl.", Doc. 1. The claims against CDCR allege that Plaintiff was a clerical employee of CDCR (Compl. ¶ 5); CDCR breached the terms of the collective bargaining agreement by retaliating against Plaintiff when it assigned her to a San Diego facility and when it terminated her on January 15, 2013 (Compl. ¶ 35); from August 2012 through January 2013, CDCR retaliated against her in violation of the FEHA based on the same factual allegations (Compl. ¶¶ 40-43); and from August through December 2012, CDCR conspired to deny Plaintiff an assignment at another facility. Compl. ¶ 49.

On August 27, 2014, Defendant David Groves filed a motion to dismiss arguing that Plaintiff's complaint was barred by the doctrine of res judicata. (Doc. 8). The Court agreed, and on November 25, 2014, the Court granted Groves' motion to dismiss based on res judicata grounds. (Doc. 33). Defendant Groves was the only served Defendant at that time. At a status conference held on December 16, 2015, the Court ordered "that on or before January 30, 2015, Plaintiff must either file (a) a motion for certification of the Court's dismissal order for interlocutory appeal or (b) proofs of service of the summons and complaint for the two remaining defendants." (Doc. 37). On January 30, 2015, Plaintiff served remaining defendant CDCR and dismissed Defendant Jasinda Mohammed. (Docs. 38, 39).

On February 4, 2015, CDCR filed this motion to dismiss pursuant to Federal Rules of Civil Procedure 4(m) and 41(b) based on Plaintiff's untimely service—242 days after the complaint was filed.

**DISCUSSION**

A.   **Legal Standard**

The court may dismiss a complaint for failure to comply with the service requirements of Federal Rule of Civil Procedure Rule 4 under Federal Rules of Civil Procedure Rule 12(b)(5).[3]

---

[3]   Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a motion to dismiss for insufficiency of service of process. The plaintiff bears the burden of establishing that service was properly effected. *Solorio v.*

Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In determining whether the period of service should be retroactively extended, the court looks to whether the plaintiff shows good cause for failing to serve. *Acosta v. Tourner*, No. 1:09-CV-01560 AWI-GSA, 2010 U.S. Dist. LEXIS 71474, 2010 WL 2817061, at *3 (E.D. Cal. July 15, 2010). "At a minimum, 'good cause' means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Whether good cause for the delay has been shown is determined on a case by case basis. *Oyama v. Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may also dismiss an action if the plaintiff fails to prosecute his or her case. Fed. R. Civ. P. 41(b). However, "[d]ismissal ... is a harsh penalty and should be imposed only in extreme circumstances." *Johnson v. United States Dept. of Treasury*, 939 F.2d 820, 825 (9th Cir. 1991). "Before imposing dismissal as a sanction, the district court must weigh several factors: the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996). Because dismissal is such a harsh penalty, the Ninth Circuit has made clear that "it should be imposed as a sanction only in extreme circumstances." *Id.* Moreover, before dismissing an action for failure to prosecute, "district judges have an 'obligation to warn the

---

*Astrue*, No. 07-CV-0508-H (POR), 2008 U.S. Dist. LEXIS 98604, 2008 WL 5122177, *1 (N.D. Cal. Dec. 5, 2008). An individual may be served by following state law for service of process, delivering a copy of the summons and complaint to the individual personally, and leaving a copy of each at the individual's dwelling with someone of suitable age, or by delivering a copy of each to an agent authorized to receive process on the individual's behalf. Fed. R. Civ. P. 4(e).

plaintiff that dismissal is imminent.'" *Johnson*, 939 F.2d at 825 (*quoting Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir. 1987)).

**B.     Analysis**

CDCR argues that dismissal is appropriate here because Plaintiff inexcusably delayed service on CDCR for 242 days without good cause.  CDCR explains that shortly after filing the Complaint, Plaintiff served its employee David Groves.  Defendant Groves subsequently moved for dismissal and informed Plaintiff in his motion filed on August 27, 2014, that no other Defendant had been served. (Doc. 8, fn. 1).  According to Defendant, because Plaintiff knew that CDCR was a defendant in this case, and did not serve any other Defendant, Plaintiff's neglect is inexcusable. In response, Plaintiff acknowledges that she did not serve CDCR within the 120-day service window, but she explains that she withheld service on CDCR out of consideration for judicial economy.  Plaintiff thought it most efficient to await a decision on the Motion to Dismiss David Groves before serving CDCR with the complaint in order for the Court to first rule on Groves' res judicata claims.

Setting aside Plaintiff's judicial resources argument, good cause does not exist for Plaintiff's failure to serve CDCR within 120 days of filing the complaint.  Good cause under these circumstances often means "that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Mateo v. M/S KISO*, 805 F.Supp.792, 795 (N.D. Cal. 1992).  Nothing prevented Plaintiff from serving CDCR here. Plaintiff's failure to serve CDCR was due to a conscious strategic decision and not due to any difficulties locating or identifying CDCR.   Further, the reasoning behind Plaintiff's strategy in withholding service is unclear and certainly did not result in preserving judicial resources.  The Court finds that Plaintiff's misguided strategy does not justify the delay.  For that reason, the Court cannot conclude that Plaintiff has demonstrated good cause for failing to effect timely service on CDCR.

Nonetheless, the Ninth Circuit has held that district courts have broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. *See Lemoge v.*

*United States,* 587 F.3d 1188 (9th Cir. 2009).  This holding is also consistent with the Advisory Committee Notes to Rule 4(m), which state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." Fed. R. Civ. P. 4 Advisory Committee's note.

Although the Court finds a lack of good cause for Plaintiff's failure to effect service within 120 days, the Court will exercise its discretion to extend the period for service. The Court chooses to exercise its discretion here because Defendant received actual notice of the suit, even if it was not served personally. At the time suit was filed, CDCR employed Defendant David Groves, the only defendant timely served with the summons and complaint.  Further, CDCR is represented by the same counsel as Defendant Groves. As a result, CDCR cannot and does not argue that it was unaware of Plaintiff's intention to sue CDCR in connection with Plaintiff's termination. CDCR therefore had actual notice of the suit. Second, CDCR does not argue that it will or has suffered prejudice—and the Court can see no basis for prejudice—as CDCR knew it was a named Defendant in this lawsuit since its inception. Finally, requiring Plaintiff to begin anew would inconvenience the Court as much as punish Plaintiff for her violation of the rules, and possibly irrevocably prejudice Plaintiff. *Lemoge,* 587 F.3d at 1195 (court should consider prejudice to plaintiff from the statute of limitations).  Forcing Plaintiff to reserve the pleadings would serve no purpose and only cause further delay. *See, e.g., Crane v. Battelle*, 127 F.R.D. 174, 178 (S.D. Cal.1989) (denying motion to dismiss were there was substantial compliance with Rule 4 and no prejudice to defendants).  For those reasons, the Court will exercise its discretion to extend the period of service rather than dismissing the action.

Similarly, the Court also declines to dismiss Plaintiff's complaint with prejudice pursuant to Rule 41(b). Dismissal pursuant to Rule 41(b) for lack of prosecution is a severe sanction and should only be used in extreme circumstances where plaintiff's conduct is either egregious or willfully dilatory. *De Malherbe v. Int'l Union of Elevator Constructors*, 438 F. Supp. 1121, 1127 (9th Cir. 1977). As stated earlier, dismissal with prejudice is unwarranted here as CDCR has

failed to demonstrate a specific prejudice. *Id.* Accordingly, the Court retroactively extends the time period for serving Defendant CDCR and does not dismiss the case under Rule 4(m) or 41(b).

## **CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss on the grounds that service did not comply with Fed. R. Civ. P. 4(m) or 41(b) is DENIED.

2. Defendant's responsive pleadings shall be due within 21 days of the date of service of this order.

3. The Scheduling Conference, currently set for August 19, 2015, is ADVANCED to July 21, 2015 at 8:30 a.m. in Department 8. The parties may appear by telephone by arranging a one line conference call and calling the Court at 559-499-5789. A joint scheduling statement is due one week before the conference.

IT IS SO ORDERED.

Dated:   **May 28, 2015**                       /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE