# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROCHA, | Case No. 1:14-cv-00842-BAM |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS and REHABILITATION, | (Doc. 53). |
| Defendants. | |

On June 4, 2015, Defendant State California Department of Corrections and Rehabilitation ("CDCR") filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) and a Motion to Dismiss pursuant to Rule 12(b)(6).[1] (Doc. 53). CDCR contends that Plaintiff's Complaint is barred by res judicata based on the acceptance of an offer of judgment in a similar, previously filed action. Plaintiff Linda Rocha did not file an opposition to the motion. Pursuant to Local Rule 230(c), the Court took the matter under submission and vacated the hearing set for August 21, 2015. (Doc. 57). Having considered Defendant's moving papers and the entire file, Defendant's Motion for Judgment on the Pleadings is GRANTED.

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 20, 43). On February 9, 2015, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305. (Doc. 44).

1

# BACKGROUND

This action arises from Plaintiff's employment and subsequent termination as a CDCR employee.

### *The Previous Action (Rocha I)*

On November 18, 2011, Plaintiff filed a Complaint against Defendants J. Clark Kelso ("Kelso") and the California Department of Corrections and Rehabilitation ("CDCR") in the United States District Court for the Eastern District of California alleging causes of action for discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA") and discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"). (*See Rocha v. California Dept of Corrections and Rehab., Kelso*, Case No.1:11-cv-1954-LJO-BAM ("*Rocha I*"), Doc. 1; Doc. 55, Exh. B at ¶ 24.)

In *Rocha I*, Plaintiff alleged that she faced discrimination because CDCR and others refused to reasonably accommodate her disability and later retaliated against her by reassigning her to an employment location in San Diego, California. (Doc. 55, Exh. B). On June 24, 2013, Defendant CDCR served Plaintiff with an Offer of Judgment, which Plaintiff accepted on June 25, 2013. (Doc. 55, Exh. C).  The terms of that Offer of Acceptance included payment of $47,500.00, which included any liability for costs of suit and attorneys' fees and an agreement by Plaintiff that she would not seek future employment with any of the Defendants. (Doc. 55, Exh. C). On June 26, 2013, this Court entered final judgment in *Rocha I*, and Plaintiff's case was closed.  (Doc. 55, Exh. D).

### *The Current Action (Rocha II)*

On June 2, 2014, Plaintiff filed the instant Complaint against Defendants Kelso, CDCR, California Correctional Health Care Services ("CCHCS"), Jasinda Mohammed and David Groves. (Doc. 1, "*Rocha II*").   In *Rocha II*, Plaintiff again repeats her allegations of unlawful discrimination, including termination against CDCR based on the same underlying facts alleged in *Rocha I*.  The claims against CDCR in *Rocha II* include: (1) violation of civil rights 42 U.S.C. 1983; (2) breach of collective bargaining agreement; (3) retaliatory termination of employment;

(4) retaliation in violation of FEHA; and (5) conspiring, inciting, or aiding in the denial of rights secured by the provisions of the California Unruh Civil Rights Act.  (Doc. 1 *Rocha II*).[2]

On August 27, 2014, Defendant Groves filed a motion to dismiss based on res judicata grounds (Doc. 13), which this Court granted on November 25, 2014.  (Doc. 33).

Defendant CDCR now seeks judgement on the pleadings because Plaintiff's claims are barred by the doctrine of res judicata.

## LEGAL STANDARD

**A.**      **Rule 12(c)**

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law.[3] *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012); Fed. R. Civ. P. 12(c). The applicable standard is essentially identical to the standard for a motion to dismiss under Rule 12(b)(6). *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). Thus, although the Court must accept well-pleaded facts as true, it is not required to accept mere conclusory allegations or conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868.

In ruling on a motion for judgment on the pleadings, the Court may consider documents incorporated by reference in the pleadings and "may properly look beyond the complaint to matters of public record" that are judicially noticeable. *Mack v. South Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991); *Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987). The Court "need not . . . accept as true

---

[2] On August 28, 2014, Plaintiff voluntarily dismissed Defendants J. Clark Kelso and California Correctional Health Care Services from this action. On February 12, 2015, Plaintiff voluntarily dismissed Defendant Jasinder Mohammed.

[3] Defendant also seeks dismissal pursuant to Rule 12(b)(6), in addition to the motion for judgment on the pleadings. Since the Defendant's motion for judgment on the pleadings is dispositive of the case, the Court does not address the standards for ruling pursuant to a Rule 12(b)(6).

allegations that contradict matters properly subject to judicial notice or by exhibit" attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

### B.        Request for Judicial Notice

Courts may take judicial notice of facts whose "existence is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1192 n. 4 (9th Cir. 2008). It must be taken when a party requests it and supplies all necessary information. Fed.R.Evid. 201(d). "Judicial notice" is the court's recognition of the existence of a fact without the necessity of formal proof. *See United States v. Harrison*, 651 F.2d 353, 355 (5th Cir.1981); *Castillo–Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir.1992). Facts proper for judicial notice are those facts not subject to reasonable dispute and either "generally known" in the community, or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201; *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986) (court may take judicial notice of official records and reports. The court need not accept as true allegations that contradict facts which may be judicially noticed by the court.) A court may take judicial notice of its own records. *See e.g., Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir.1992). Courts may also take judicial notice of public records. *Cachil Dehe Band of Wintun Indians of Colusa Indian Community v. State of Calif.*, 547 F.3d 962, 969 n.4 (9th Cir. 2008). Judicial notice is particularly appropriate for the court's own records in prior litigation related to the case before it. *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361–1362 (10th Cir.2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties).

Defendant asks the Court to take judicial notice of numerous documents. (*See e.g.*, Doc. 55, Exh. A-D). The Court has taken judicial notice of those documents appropriate for judicial notice and has taken judicial notice of the requested documents that have been referenced

specifically in this Order. The Court takes judicial notice of the documents filed in *Linda Rocha v. State of California et al* Case No. 11-1954 to determine whether res judicata precludes Plaintiff's suit.

## DISCUSSION

In the pending Motion for a Judgment on the Pleadings, CDCR argues that the Court should dismiss Plaintiff's complaint as barred under the res judicata doctrine. Defendant argues that res judicata bars Plaintiff's complaint in its entirety because: (1) *Rocha I* ended with a final judgment; (2) the identity of the parties are the same between *Rocha I* and *Rocha II*; and (3) as already determined, the claims presented in Plaintiff's instant complaint substantially overlap with the issues adjudicated in *Rocha I.* Plaintiff offers no opposition to Defendant's res judicata argument. *See, e.g., Silva v. U.S. Bancorp*, 2011 U.S. Dist. LEXIS 152817, 2011 WL 7096576, *3 (C.D. Cal. 2011) (ruling that plaintiff's failure to oppose defendants' motion to dismiss amounted to a concession that his claim should be dismissed); *Tatum v. Schwartz*, 2007 U.S. Dist. LEXIS 10225, 2007 WL 419463, *3 (E.D. Cal. 2007) (explaining that a party "tacitly concede[d] [a] claim by failing to address defendants' argument in her opposition."). Accordingly, for all of these reasons, Defendant's Motion should be granted.

### A.     Res judicata Overview

The doctrine of res judicata protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). It "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Stated differently, "[c]laim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009); *accord Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.").

The court applies the doctrine whenever there is: (1) a final judgment on the merits; (2) identity or privity between parties; and (3) an identity of claims. *Tahoe-Sierra Preservation*, 322 F.3d at 1077. These three elements constitute a successful res judicata defense. *Id.* Each of the elements of res judicata is analyzed in turn.

### B.   **Final Judgment on the Merits**

CDCR first argues that Plaintiff's claims are barred by the doctrine of res judicata because Plaintiff accepted a Rule 68 Offer of Judgment in 2013 that constituted a final judgment on the merits of her claims. In *Rocha I*, Plaintiff accepted an offer of judgment from Defendant CDCR pursuant to Rule 68 as follows:

> Judgment in favor of Plaintiff Linda Rocha against Defendants in the sum of $47,500, which sum shall include any liability costs of suit and attorney fees otherwise recoverable by Plaintiff in this action.
>
> By accepting this Offer of Judgment, Plaintiff stipulates that she will not in the future seek employment with the Defendants and/or their agents, representatives, employees, successors, and assigns. This stipulation shall not be considered as part of the monetary value of the Offer of Judgment.

On June 26, 2013, this Court entered a final judgment pursuant to Defendants F.R.Civ.P 68 offer of judgment and directed the Clerk to close the case. (*Rocha I*, Doc. 38).

The element of a "final judgment" is satisfied here. A final judgment was entered in *Rocha I* on June 26, 2013, pursuant to a Rule 68 offer. For purposes of res judicata, it is well-settled that judgments entered pursuant to a Federal Rule of Civil Procedure 68 Offer of Judgment, and dismissal entered pursuant to settlement agreements both constitute final judgments on the merits. *Wilkes v. Wyoming Dept. of Employment Division of Labor Standar*ds, 314 F.3d 501, 504 (9th Cir. 2002) (judgment pursuant to a Rule 68 Offer of Judgment bars subsequent action under doctrine of res judicata).

### C. **"Identity or Privity of Parties"**

Turning to the second element, which requires privity between the parties, the Court finds that the element of "privity" is satisfied in this action. Privity exists if "there is substantial identity between the parties, that is, when there is sufficient commonality of interest." *See Tahoe-Sierra Preservation*, 322 F.3d at 1082. Here, the parties in *Rocha I* and this action—

Plaintiff Linda Rocha and Defendant CDCR—are identical. Therefore, privity of the parties exists in the two actions.

### D. Same Transactional Nucleus of Facts

Finally, "the central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). Two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together. *W. Systems, Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992). "Different theories supporting the same claim for relief must be brought in the initial action." *Id.* "[T]he inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action." *United States v. Liquidators of European Fed. Credit Bank,* 630 F.3d 1139, 1151 (9th Cir.2011). "A plaintiff need not bring every possible claim. But where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012).

Here, Plaintiff named CDCR in the 2011 *Rocha I* complaint, and the claims in that case are largely identical to the present complaint. On November 25, 2014, this Court previously found that there was a common nucleus of facts shared between *Rocha I* and *Rocha II*. (Doc. 33). This Court conducted an exhaustive analysis of the factual identity between *Rocha I and Rocha II* and held that:

> both actions involve Plaintiff's employment, her physical limitations, actions taken by her employer in response to her requests for accommodation, protests against the accommodations offered, and retaliatory conduct. Indeed, certain of the allegations in *Rocha II* are duplicative allegations of *Rocha I* allegations challenging the transfer to the San Diego facility. The same series of events led to Plaintiff's harm, and these events could be conveniently tried together.

(Doc. 33 at 15).

Substantively identical allegations that are virtually indistinguishable from those alleged in the previously-concluded action satisfy the requirement that the claims stem from "the same transactional nucleus of facts."  The Court thus concludes that the two actions involve the same claims for purposes of applying the doctrine of res judicata. Therefore, *Rocha I* and *Rocha II* share common facts pertaining to the allegedly discriminatory, retaliatory, and harassing conduct by CDCR during Plaintiff's employment.

In sum, the doctrine of res judicata bars relitigation of Plaintiff's claim against defendant CDCR because there is an identity of claims between Plaintiff's two cases, there was a final judgment on the merits in *Rocha I*, and privity between the parties in the suits exists. Accordingly, because the complaint is barred by res judicata, Defendant's Motion for a Judgment on the Pleadings is GRANTED.  Given that any amendment would be futile because Plaintiff's complaint arises from the same nucleus of facts as the previous action, no leave to amend is granted.

### **ORDER**

For the foregoing reasons, the Motion for Judgment on the Pleadings is GRANTED as the claims are barred by the doctrine of res judicata. The Clerk of the Court is directed to enter judgment in favor of defendant CDCR, and against Plaintiff Linda Rocha, and to close the case.

IT IS SO ORDERED.

Dated:   **August 25, 2015**                       /s/ *Barbara A. McAuliffe*
                                                                      UNITED STATES MAGISTRATE JUDGE